# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 5539 | DATE | 2/1/2002 |
| CASE TITLE | Ohse vs. Hoffman-La Roche, Inc. et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** We grant Ohse's motion (Doc 17-1) for voluntary dismissal, subject to the specified conditions and dismiss the case without prejudice. Status hearing set for March 20, 2002 is stricken.

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | Document Number |
| | No notices required. | number of notices |
| | Notices mailed by judge's staff. | FEB 0 4 2002 date docketed |
| | Notified counsel by telephone. | |
| ✓ | Docketing to mail notices. | |
| ✓ | Mail AO 450 form. | docketing deputy initials |
| | Copy to judge/magistrate judge. | date mailed notice |
| SCT | courtroom deputy's initials | Date/time received in central Clerk's Office / mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

WILLIAM CARL OHSE, Individually
and as the Personal Representative of the
ESTATE OF CHAD ROBERT OHSE,
Deceased,

    Plaintiff,

vs.

HOFFMAN-LA ROCHE, INC., and
ROCHE LABORATORIES INC., a
member of the Roche Group,

    Defendants.

01 C 5539

DOCKETED
FEB 0 4 2002

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on a motion for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2). Plaintiff William Ohse ("Ohse") seeks dismissal of his action without prejudice and without costs or fees. For the following reasons, the motion is granted.

## BACKGROUND

Ohse brought suit in this wrongful death/products liability case for damages allegedly suffered by Ohse's son. Ohse claims a link between his son's suicide and Accutane, a prescription drug manufactured by Defendant Hoffman LaRoche



("Hoffman"). The suit involves no federal questions, and jurisdiction instead rests on the diversity of the existing parties. 28 U.S.C. §§ 1332. The July 17 complaint named only Hoffman as a defendant. Hoffman's answer, filed September 17, asserted fifteen affirmative defenses, including intervening actions and comparative negligence of other persons, without identifying specific parties.

In late November, we granted Hoffman's motions to impose a protective order and to strike the portions of complaint relating to an alleged connection between birth defects and Accutane. At the same time, we denied Ohse's motion to compel documents that would be excluded from discovery by the protective order. Approximately one month later, Ohse filed this motion for voluntary dismissal. He seeks to add the prescribing physician to the suit because of Hoffman's affirmative defenses and newly acquired information regarding the sufficiency of warnings that the physician gave to Ohse's son regarding the drug. As both Ohse and the physician are Illinois residents, this addition would destroy diversity. Hoffman objects to the dismissal, fearing that Ohse is trying to avoid the effects of our prior rulings.

## DISCUSSION

Rule 41(a)(2) provides that a plaintiff may voluntarily dismiss a suit in three ways: by filing a notice of dismissal before the defendant files an answer or motion for summary judgment, by obtaining a stipulation of dismissal from all parties, or by obtaining an order of the court. A plaintiff pursuing the third route is subject to the

terms and conditions the court deems proper as a quid pro quo for the desired dismissal. See McCall-Bey v. Franzen, 777 F.2d 1178, 1184 (7th Cir. 1985).

In considering whether to grant a motion under Rule 41(a)(2), a court must look to whether the Hoffman will suffer undue prejudice from the dismissal. Ratkovich v. SmithKline, 951 F.2d 155, 158 (7th Cir. 1991). The timing of and reasons for the motion are also factors to be taken into consideration. Id. Here, Hoffman argues that Ohse should not be granted their dismissal because he should have known from the outset that the doctor should be included. They insist that Ohse is engaging in impermissible forum-shopping designed to avoid the rulings we have already made in this case and the discovery cut-off date of March 20.

At first blush, Hoffman's concerns seem well-founded, but in light of the written representations in Ohse's reply and the oral ones made to this court when the parties last appeared on January 17, we conclude that Hoffman need not fear that it will be back at square one if Ohse is allowed to dismiss this action and refile it in state court. Although we do not doubt that Ohse would abide by the aforementioned promises, to be on the safe side we incorporate them into this order as terms and conditions of the dismissal.

First, in any subsequently filed action, Ohse must stipulate to entry of a protective order identical to the one entered by this court on November 20. Second, Ohse may not seek to obtain the information that was the subject of his denied motion to compel. Third, Ohse may not seek to use information pertaining to Accutane's purported link to

birth defects in connection with this case. Fourth, Ohse may not re-request any of the information already sought from Hoffman in fulfilling its obligations under Fed. R. Civ. Proc. 26(a)(1).

Hoffman has also requested that Ohse be required to pay its attorneys' fees as part of the dismissal terms. Although an award of attorneys' fees can be an appropriate condition in a Rule 41(a)(2) dismissal, as Hoffman will retain all of the benefits its lawyers have thus far garnered in this suit in any subsequent state action, there is no basis for a contention that it would be paying twice for the same result, and there is no indication that Ohse has engaged in the kind of behavior that would justify such an onerous requirement. See, e.g., Marlow v. Winston & Strawn, 19 F.3d 300, 304-06 (7th Cir. 1994).

## CONCLUSION

For the foregoing reasons, we grant Ohse's motion subject to the specified conditions and dismiss the case without prejudice.

*Charles P. Kocoras*
Charles P. Kocoras
United States District Judge

Dated: FEB 0 1 2002